UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-142-2F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TAMALA CREASY NEWTON, | ) | |
| Defendant. | ) | |

This matter is before the court on the Renewed Motion for Approval of Expert Compensation [DE-97] filed by Defendant Tamala Creasy Newton ("Newton"). The court, once again, interprets the motion as seeking authorization of funds for expert services in excess of the statutory maximum, pursuant to 18 U.S.C. § 3006A(e)(3).

On April 7, 2010, under 18 U.S.C. § 3006A(e)(1), this court allowed an expenditure of up to $1,600.00 in fees,[1] exclusive of reimbursement for expenses reasonably incurred, for psychiatric services to be provided by Dr. Moira F. Artigues. On March 16, 2011, Newton's counsel filed the first Motion for Approval of Expert Compensation [DE-93] in excess of the statutory maximum. The court denied this motion because Newton's counsel failed to provide a plausible explanation as to why the services provided were of an "unusual character or duration" as required under 18 U.S.C. § 3006A(e)(3). As the pertinent statute explains:

> Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, *shall not exceed $1,600*, exclusive of reimbursement for expenses reasonably incurred, *unless* payment in excess of that limit is certified by the court . . . as necessary to provide fair compensation for services of an *unusual character or duration*, and the amount of the excess payment is approved by the chief judge of the circuit.

---

[1] The statutory maximum for obtaining investigative, expert, or other services necessary for adequate representation has subsequently been increased to $2,400.00.

18 U.S.C. § 3006(e)(3) (emphasis added). Counsel for Newton, again, has moved for funds in excess of the statutory maximum to compensate Dr. Moira F. Artigues for her services.

In the instant motion, counsel explains that Newton initially received a psychiatric evaluation form FCI Miami. Afterwards, counsel realized that Newton was dealing with serious issues concerning the relationship she had with her father, who was a codefendant in the case. According to counsel, this issue was never explored in the evaluation done at FCI Miami, and Newton, particularly, did not readily open up about her relationship with her father. As such, counsel for Newton contends that the services provided by Dr. Artigues were critical. Counsel explains that Dr. Artigues twice met with Newton at the jail in Castle Hayne, wrote "a most helpful report," and then testified at the sentencing hearing. Taking into account the number of times Dr. Artigues traveled to meet with Newton and the complex nature of Newton's relationship with her father, the court finds that this case required services of an "unusual character or duration." Accordingly, Newton's Renewed Motion for Approval of Expert Compensation [DE-96] in the amount of $7,285.81 hereby is ALLOWED contingent on the approval of the chief judge of this circuit.

SO ORDERED.

This, the 7th day of April, 2011.

James C. Fox
Senior United States District Judge